IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HDD CAPITAL, INC.<br><br>    Plaintiff<br><br>  v.<br><br>CRIMINELE ELECTRIC WORKS, INC., et al.,<br><br>    Defendants<br>_____/ | No. C 07-1340 MMC<br><br>**ORDER DIRECTING DEFENDANTS TO SHOW CAUSE WHY MATTER SHOULD NOT BE REMANDED, TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE, AND TO FILE PROOF OF SERVICE OF ORDER SETTING INITIAL CASE MANAGMENT CONFERENCE AND ADR DEADLINES** |

Before the Court is a Notice of Removal, filed March 7, 2007 by defendants Cirimele Electric Works, Jean Cirimele, and Arthur Cirimele, in which defendants allege an action was commenced against them on January 4, 2007 in the Superior Court of California, in and for the County of Marin. Attached to the Notice of Removal is a copy of a document titled "Notice of Entry of Judgment on Sister-State Judgment," filed in the Superior Court on January 4, 2007, and which references the case number "CV 070110."

**A. Order to Show Cause Re: Jurisdiction**

In their Notice of Removal, defendant state "plaintiff commenced an action against defendants [by] filing a notice of entry of judgment." (See Notice of Removal at 2:1-3.) In removing, defendants implicitly rely on 28 U.S.C. §§ 1332 and 1441(a), which statutes, when read together, provide for removal of a "civil action" on the basis of diversity

jurisdiction. The Court questions whether the instant matter constitutes an "action" within the meaning of §§ 1332 and 1441. The matter, by definition, is a "notice," not a "complaint." Further, the relief sought by plaintiff is based on the filing of an "application," by which plaintiff requested that the Clerk of the Superior Court perform a ministerial act, see Cal. Code Civ. Proc. § 1710.25, specifically, entry of a judgment originally entered in another state court,[1] for purposes of enforcement in this state. See Cal. Code Civ. Proc. § 1710.35 (setting forth effect of entry of out-of-state judgment).

Accordingly, defendants are hereby DIRECTED TO SHOW CAUSE, in writing and no later than April 30, 2007, why the instant matter should not be remanded for lack of jurisdiction.

**B. Failure to Comply with Clerk's Notice**

Upon filing of defendants' Notice of Removal, the instant action was assigned by the Clerk of the Court to the Electronic Case Filing ("ECF") Program, pursuant to General Order No. 45.

By notice filed March 19, 2007, and served by mail on defendants that date, the Clerk of the Court directed defendants to, within 10 days, submit the Notice of Removal in PDF format as an attachment to an e-mail message sent to a specified email address. Further, by said notice, the Clerk directed counsel for defendants, if not yet registered as an ECF User, to do so immediately. As of today's date, defendants have failed to email to the Clerk the Notice of Removal in PDF format and, further, counsel for defendants has failed to register as an ECF user.[2]

Accordingly, defendants are hereby DIRECTED TO SHOW CAUSE, in writing and no later than April 30, 2007, why sanctions should not be imposed upon defendants and/or

---

[1] The "civil action," accordingly to the Notice of Entry of Judgment, was an action filed by plaintiff against defendants in the State of Minnesota.

[2] As set forth in the Order Notifying Counsel of Requirement to Register as ECF User filed concurrently herewith, in an e-filing case, the Clerk does not serve counsel by mail with orders e-filed by the Court. See General Order 45(IX)(D). Although, as a courtesy, the Court has instructed the Clerk to serve all counsel by mail with the instant order, no further orders herein will be served by mail by the Clerk.

defendants' counsel for failure to comply with the directives set forth in the Clerk's notice of March 19, 2007.  To show cause, defendants must comply with both directives set forth in said notice by April 30, 2007 and set forth good cause for the non-compliance.

**C. Failure to File Proof of Service**

On March 7, 2007, the Clerk of the Court filed an Order Setting Initial Case Management Conference and ADR Deadlines, which order required defendants to "serve on all other parties a copy of [that] order, the handbook entitled 'Dispute Resolution Procedures in the Northern District of California, and all other documents specified in Civil Local Rule 4-2." To date, defendants have failed to file proof of service on plaintiff of said order and the other material referenced therein.

Accordingly, defendants are hereby DIRECTED to file, no later than April 30, 2007, proof of service on plaintiff of such documents.

**IT IS SO ORDERED.**

Dated: April 20, 2007

_____
MAXINE M. CHESNEY
United States District Judge